# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>CHRISTOPHER TORRES,<br>Defendant. | Case No. 14-MJ-237<br>ORDER FOR PRETRIAL DETENTION |

On the 27th day of October, 2014, this matter came on for hearing on the Government's request to have the Defendant detained pending further proceedings and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Anthony Morfitt. The Defendant appeared personally and was represented by his attorney, Alfred E. Willett.

## I. RELEVANT FACTS AND PROCEEDINGS

On October 8, 2014, Defendant Christopher Torres was charged by Criminal Complaint (docket number 2) with possession of an unregistered firearm and possession of a firearm by an unlawful user of controlled substances. At the hearing, Cedar Rapids Police Officer John O'Brien, who is currently assigned to the FBI Safe Streets Task Force, testified regarding the circumstances underlying the charges.

At approximately 4:00 a.m. on July 25, 2014, officers responded to a report of "shots fired" in the vicinity of 5th Avenue and 15th Street SE. It was reported that the suspects fled on foot, and a short time later officers found Defendant Christopher Torres and his girlfriend, Brianna Phelps, emerging from bushes in a nearby alley. Officers observed that Defendant had an "unusual walk" and a bulge in his waistband. During a pat-down, officers found a sawed-off rifle on Defendant's person. Both the barrel and the

stock of the gun were sawed off and there was electrical tape wrapped around the handle. The gun was loaded, with one round in the chamber. (It should be noted that officers later determined the gun in Torres' possession was *not* the gun which was fired earlier.) Defendant admitted the gun was his and told officers he needed it for protection. Underneath the electrical tape, officers found Defendant's thumb print on the handle of the firearm. Defendant provided a urine sample, which tested positive for marijuana and benzodiazepine.

Defendant is 20 years old. He was born in Detroit, Michigan, but moved to Cedar Rapids in 2011. His mother, grandmother, and siblings continue to reside in the Detroit area. Prior to his arrest on July 25, Defendant was living with his girlfriend, Brianna Phelps, and her father. Defendant has two children (ages 2 and 1) with Phelps, but the children live with Defendant's grandmother in Michigan. Defendant's grandmother testified that Defendant could live with her in Michigan if he is released.

Defendant is in generally good health, but takes medication for anxiety and ADHD. He admitted that he used marijuana a "couple of times" in the past, including early July 2014. According to Defendant, he has worked as a telemarketer in Cedar Rapids and also works on an "as needed" basis as an assembly line worker for Chrysler in Michigan. Defendant told the pretrial services officer that he travels back to Michigan to work for variable amounts of time, and estimated that he has worked there for seven months in the past year.

At age 17, Defendant received two years' probation in Michigan for unarmed robbery and accessory after-the-fact to a felony. While those charges were pending, Defendant was charged with possession of marijuana in Michigan, but that charge was not prosecuted. On July 1, 2014, Defendant was charged in Michigan for assault. He failed to appear for a court proceeding on July 14, and a warrant remains active for his arrest. Eleven days later, on July 25, Defendant was charged in Iowa state court for the events

giving rise to the instant federal charges. Following the filing of the criminal complaint in federal court, Defendant was transferred to federal custody and the state charges were dismissed.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

3

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession of an unregistered firearm and possession of a firearm by an unlawful user of controlled substances. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(E).

Regarding the second step, Defendant is charged with possession of a sawed-off rifle. This weapon (pictured in Government's Exhibit 1) has no legitimate purpose. The weight of the evidence against Defendant is strong. The weapon was found on his person, it was not registered, and it crossed over a state line. Defendant admitted the weapon was his, and claimed he needed it for "protection." Furthermore, Defendant tested positive for the use of marijuana.

Defendant does not have a stable residence. He has apparently moved back-and-forth between Iowa and Michigan. When in Iowa, he lives with his girlfriend, who was with him at 4:00 a.m. on July 25 when he was found in possession of the firearm. Defendant's grandmother offered to have Defendant live with her in Michigan (where Defendant's two children apparently live), but there is no indication that he has ever resided with her in the past. It is also unclear to the Court that Defendant has stable employment.

While Defendant is barely 20 years old, he has convictions for unarmed robbery and accessory after-the-fact to a felony. He failed to appear for a court proceeding in Michigan, and there is an active warrant for his arrest in that state. In fact, Defendant was wanted in Michigan at the time of these events on July 25. The Court has no confidence that Defendant would comply with any conditions which it may set for Defendant's release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained pending further proceedings. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds probable cause exists that Defendant committed the crimes described in the Criminal Complaint.

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 29th day of October, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA